UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| RANDY JOE HAMBLIN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil No. 09-35-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH MEKO, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Randy Joe Hamblin is serving a fifteen-year sentence in a Kentucky prison for attempted murder. He filed a petition for a writ of habeas corpus alleging that he was denied effective assistance of counsel. Because Hamblin never presented his claims to the Kentucky appellate courts and state law now bars him from doing so, the claims are procedurally defaulted. His petition is therefore denied.

## BACKGROUND

Hamblin fired a shotgun at Wanda Carter during a domestic dispute. The buckshot grazed Carter's neck, but she was not seriously injured. On February 13, 2006, a grand jury in Whitley County, Kentucky, indicted Hamblin on charges of first degree assault and attempted murder. Hamblin eventually reached a plea agreement with the state. He pled guilty to attempted murder, and the state agreed to drop the assault charge and recommend a sentence of fifteen years. The trial court accepted the plea agreement and imposed a sentence of fifteen years' imprisonment on November 9, 2006.

Six months later, on May 7, 2007, Hamblin filed a motion in the state trial court to vacate, set aside, or correct his sentence under Rule 11.42 of the Kentucky Rules of Criminal Procedure. Hamblin alleged that his lawyer, Ronald Reynolds, had been constitutionally ineffective during plea negotiations. The trial court denied the motion on May 16, 2007, and Hamblin did not appeal. On September 10, 2007, Hamblin filed a second Rule 11.42 motion, again raising ineffective-assistance-of-counsel claims. The trial court again denied the motion. This time, Hamblin did appeal, and the Kentucky Court of Appeals affirmed the trial court's denial. Hamblin then filed petitions for a writ of habeas corpus and a writ of prohibition in the state courts, both unsuccessful. On February 3, 2009, he filed a petition in this Court seeking a writ of habeas corpus under 28 U.S.C. § 2254.

**ANALYSIS**

In his habeas petition, Hamblin argues that his lawyer was ineffective because he (1) erroneously advised him to plead guilty; (2) failed to investigate a sexual relationship that might have existed between the victim, Wanda Carter, and the chief investigating officer, David Lassiter; and (3) failed to challenge the charges in the indictment. R. 1 at 5-6.

These claims are procedurally defaulted. Before a federal court may grant a writ of habeas corpus, a petitioner must fully exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If the petitioner has not presented his claim to the state appellate courts and, at the time he files his

habeas petition, state law still affords him an opportunity to do so, he may return to the state courts, exhaust the claim, and then come back to federal court and try again. If, however, the petitioner has not presented his claim to the state appellate courts and state law no longer allows him to do so, the claim is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (procedural default occurs "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (same).

Hamblin's claims are procedurally defaulted because he never presented them to the Kentucky appellate courts and state law now forecloses him from doing so. In his first Rule 11.42 motion, he argued to the state trial court that his counsel was ineffective because he did not advise him of certain available defenses or challenge the charges in the indictment. The trial court denied the motion, and Hamblin did not appeal. That was a crucial mistake. When a Kentucky defendant collaterally attacks his sentence by filing a Rule 11.42 motion, he must include in the motion "all grounds for holding the sentence invalid of which [he then] has knowledge." Ky. R. Crim. P. 11.42(3). "[F]inal disposition of the motion [] conclude[s] all issues that could reasonably have been presented in the same proceeding." *Id*. After the defendant's first Rule 11.42 motion has been fully adjudicated, he may not thereafter raise any claims that he included, or could have included, in that motion. *See Hodge v. Haeberlin*, 579 F.3d 627, 637-38 (6th Cir. 2009); *Gall v. Parker*, 231 F.3d 265, 316 (6th Cir. 2000) ("In Kentucky, a party can bring one collateral attack pursuant to [Rule] 11.42; all claims not brought

on the direct appeal or in that collateral challenge are generally defaulted."). The Sixth Circuit has held that this procedural rule is an adequate and independent state ground sufficient to bar federal habeas relief. *See Peters v. Chandler*, 292 F. App'x 453, 458 (6th Cir. 2008). Thus, Hamblin's first Rule 11.42 motion was his one shot to exhaust his ineffective-assistance claims by presenting them to the state appellate courts. When he failed to appeal the trial court's denial of the motion, he forfeited that opportunity.

The Kentucky courts enforced this procedural rule against Hamblin when he filed a second Rule 11.42 motion on September 10, 2007. In that motion, Hamblin added the additional claim that his counsel was ineffective because he did not investigate the existence of a possible relationship between the victim and the investigating officer. The trial court denied Hamblin's second motion in a one-page order, R. 6-4 at 28, and the Kentucky Court of Appeals affirmed, applying the "well established [rule] that a claim made in a successive [Rule] 11.42 motion, which could have been, but was not, presented in a prior proceeding, will not be considered." R. 6-4 at 65 (citing *Butler v. Commonwealth*, 473 S.W.2d 108, 109 (Ky. 1971)). Because Hamblin knew about the purported relationship when he filed his first Rule 11.42 motion but did not then raise the claim, the state appellate court held that it was procedurally defaulted.

Thus, Hamblin never presented his ineffective-assistance claims to the Kentucky appellate courts in conformity with Kentucky procedural rules. If he were to return to the state appellate courts, they would decline to review the claims because Hamblin already had his one bite at the Rule 11.42 apple. Accordingly, because "state law no longer allows [Hamblin] to raise the claim[s]," he has no way to properly present them to the Kentucky appellate courts.

4

The claims have therefore been procedurally defaulted. *See Williams*, 460 F.3d at 806; *Wellman v. Chapleau*, No. 95-6123, 1996 WL 325212, *2 (6th Cir. June 12, 1996) (holding that Kentucky defendant procedurally defaulted ineffective-assistance claim by failing to appeal state trial court's denial of Rule 11.42 motion).

Hamblin basically admits as much. In his habeas petition he explains that he did not appeal the state trial court's denial of his first Rule 11.42 motion because he "was not aware then, as he is now, that state claims must be fully exhausted prior to filing a § 2254 [habeas petition]." R. 1 at 6. This kind of honesty is refreshing. Unfortunately, honesty alone is not enough to save Hamblin's habeas claim. The only way to escape procedural default is for Hamblin to establish "'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Hamblin has not argued actual innocence, and his ignorance of the exhaustion requirement does not constitute "cause." *See Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) ("Ignorance of the law does not constitute good cause."); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Accordingly, because all of the claims in his petition have been procedurally defaulted, habeas relief is precluded.

## CONCLUSION

For these reasons, it is **ORDERED** that Hamblin's petition for a writ of habeas corpus, R. 1, is **DENIED**. A separate judgment will issue.

The 13th of May, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge